**SEALED**

CLERK'S OFFICE U.S. DISTRICT COURT AT ABINGDON, VA FILED MAY 20 2019 JULIA C. DUDLEY, CLERK BY: /s/ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:19mj60
1515 Brockwell Lane )
Marion, VA )
 )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the \_\_\_\_\_Western\_\_\_\_\_ District of \_\_\_\_\_Virginia\_\_\_\_\_ *(identify the person or describe property to be searched and give its location):* 1515 Brockwell Lane, Marion, VA - to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of \_\_\_21\_\_\_ U.S.C. § 846/841(a)(1), and the application is based on these facts: See Attachment C      and/or  841(a)(1)

☒ Continued on the attached sheet.
☐ Delayed notice of \_\_\_\_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/20/19

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



1515 Brockwell Lane, Marion, VA

## ATTACHMENT B

1. Methamphetamine, methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, gold, diamonds, precious jewels, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 1515 Brockwell Lane, Marion, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 1515 Brockwell Lane, Marion, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of information provided to me by other law enforcement officers. Any reference in this affidavit to the gender of any unnamed person does not necessarily reflect the true gender of said person.

5. During the last (3) days, a source of information (hereafter referred to as "SOI#1") advised law enforcement that Teresa Bickley has $34,000 in United States Currency that Bickley is going to use to purchase multiple kilograms of methamphetamine from an individual (hereafter referred to as "Person A") in Cherokee, NC. SOI#1 further advised that Bickely was currently staying with Jodi Cleary in Smyth County, VA [Cleary's known residence is at 1515 Brockwell Lane, Marion, VA].

SOI#1 has provided information to law enforcement in the past that led to the apprehension of a fugitive and the seizure of a marijuana grow.

6. During the night of 05-19-2019, an associate of Teresa Bickley advised law enforcement that Bickley drives a silver Chevrolet Trailblazer with a temporary Virginia registration [with a temporary/paper license plate number – also known as a "30-day tag"].

7. During the night of 05-19-2019, a silver Chevrolet Trailblazer was observed at 1515 Brockwell Lane, Marion, VA. Law enforcement (a Smyth County Sheriff's Office

Deputy) stopped the Trailblazer after it departed the residence and was observed crossing double yellow lines and driving in the center of the road. The driver (and sole occupant) was Teresa Bickley. While motor vehicle violations were being written by the deputy who conducted the traffic stop, another deputy with a narcotics K9 arrived on scene. The K9 alerted on the Trailblazer. A subsequent search of the vehicle resulted in the discovery and seizure of approximately $4200 USC, digital scales, numerous small, new/unused, Ziploc-type baggies, and two larger Ziploc-type bags containing a cumulative total of approximately (18) ounces (approximately 500g) of crystalline substance. Law enforcement performed a chemical field test of the crystalline substance with positive results for methamphetamine.

8. Bickley was subsequently interviewed (after having been Mirandized) and claimed that she had in fact traveled to Cherokee, NC (reference¶5 above) and met with Person A for the purpose of discussing methamphetamine prices. Bickely claimed she did not know how the methamphetamine ended up in her Trailblazer. Bickley further advised that Jodi Cleary knew about the trip to Cherokee, NC and was supposed to accompany Bickley, but she did not. Bickley stated that she recently started staying at Jodi Cleary's residence [1515 Brockwell Lane, Marion, VA].

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at the conspirator's residence/property.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences.

11. A review of Jodi Cleary's criminal history revealed her state arrest for felony distribution of a controlled substance and subsequent felony conviction for simple possession of a controlled substance and her federal methamphetamine conspiracy arrest and related sentencing.

12. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 1515 Brockwell Lane, Marion, VA (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.


_____  5-20-2019
Brian Snedeker, Special Agent (DEA)     Date


Subscribed and sworn to before me, this the __20th__ day of __May, 2019__
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia




Seen by:


_____/s/ Roy F. Evans_____     05-20-2019
Roy F. Evans, SAUSA              Date